UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAGDEEP SINGH NAGRA,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>KRISTI NOEM ET AL.,<br><br>　　　　　　Respondents. | CASE NO. 2:26-cv-00512-JHC<br><br>ORDER |

　　　This matter comes before the Court on Petitioner Jagdeep Singh Nagra's Petition for Writ of Habeas Corpus. Dkt. # 1. Petitioner argues that he is entitled to habeas relief because DHS "abruptly" placed him "into custodial detention without providing written notice and without affording him any meaningful opportunity to be heard by a neutral decisionmaker prior to the deprivation of his liberty[,]" in violation of his right to due process under the Fifth Amendment of the U.S. Constitution. *Id*. at 5, 9.

　　　After the petition was filed, the Court issued a scheduling order directing Respondents to show cause why a writ of habeas corpus should not be granted. *See* Dkt. # 2. Respondents have failed to do so. *See generally* Dkt. # 4; *see also Grajeda Velazquez* v. *Wamsley,* 2026 WL 84223, at *3–5 (W.D. Wash. Jan. 12, 2026) (granting habeas relief because the petitioner's re-detention without adequate notice and opportunity to be heard violated his constitutional right to

ORDER - 1

due process); *Del Valle Castillo* v. *Wamsley,* 2025 WL 3524932, at *5–7 (W.D. Wash. Nov. 26, 2025) (granting habeas relief to petitioners and rejecting the argument that noncitizens who are arrested while already present in the United States are subject to mandatory detention under § 1225(b)); *P.T* v. *Hermosillo,* 2025 WL 3294988, at *2 n.1, 4 (W.D. Wash. Nov. 26, 2025) (granting habeas relief on due process grounds and concluding that the claimed authority of the government to detain an individual under § 1225(b) does not affect the lawfulness of the petitioner's re-detention).  The Court also notes that Petitioner's potential membership in the *Rodriguez Vazquez* Bond Denial Class and/or the *Maldonado Bautista* Nationwide Class has no bearing on the resolution of this petition, as Petitioner seeks habeas relief on the grounds that he was re-detained in violation of his right to due process, not on the grounds that he is unlawfully detained under the INA.

Accordingly, the Court concludes that Petitioner has shown by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States" and is therefore entitled to habeas relief.  *See* 28 U.S.C. § 2241(c).  It thus

(1) GRANTS the Petition for Writ of Habeas Corpus (Dkt. # 1).

(2) ORDERS Respondents to immediately release Petitioner from custody on the same conditions of release previously imposed before his arrest in February 2026. Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining Petitioner unless and until he is provided with adequate notice and a hearing before an immigration court to determine whether re-detention is appropriate.  To the extent that Respondents wish to impose new conditions of release, such conditions must comport with the Constitution and all other applicable laws.

//

Dated this 4th day of March, 2026.

John H. Chun
United States District Judge

ORDER - 3